[File No. 6859-A.]

CHAS. A. LYCHE, as Executor of the Last Will and Testament of Gunerius A. Berg, Deceased, Appellant, v. STEELE COUNTY, NORTH DAKOTA, a Public Corporation, H. R. Stark et al., Its County Commissioners, G. J. Mustad, Its County Auditor, Cora Williams, Its County Treasurer, and T. F. Beadle, Respondents.

(6 NW (2d) 95.)

*Opinion* filed November 2, 1942.

*Lyche & Lyche,* for appellant.
*M. W. Duffy,* for respondents.

MORRIS, J.    This action involves title to a quarter section of land in Steele County.    It is a companion case of that of Lyche v. Steele County, ante, 238, 6 NW (2d) 92, decided concurrently.    The two cases were consolidated for trial in the district court and upon appeal to this court.    The facts are the same as those involved in the companion case with certain exceptions that will be pointed out.    The land involved in this case was advertised by Steele county for sale at the same time and place as the land that was sold to Mrs. Balyeat. The land involved in both actions constituted the estate of Gunerius A. Berg deceased and was acquired by the county through tax deeds.    Carl A. Meldahl who the executor of the Berg estate claims was acting for him presented checks to the board of county commissioners of Steele county for taxes due on the land sold to Mrs. Balyeat and the land involved in this action.    At the time the checks were presented the quarter section of land involved herein had not been sold by the county because of lack of qualified bidders at the sale.

Where no bids are received for any parcel of property advertised to be sold under the provisions of chapter 235, ND Session Laws 1939, it may be sold at any subsequent time by the county auditor provided that no such sale shall be made at a price less than the minimum fixed by the board of county commissioners prior to the November sale. However, Mr. Meldahl declined to purchase or redeem the quarter section herein involved unless he could also secure the land that had been sold to Mrs. Balyeat.    On November 22, 1940, three days after the advertised sale, Mr. Meldahl demanded and received the two checks that he had tendered for taxes on all of the Berg land including the quarter involved in this case.

After the return of Mr. Meldahl's checks and on December 17, 1940, Steele county sold to the defendant T. F. Beadle on contract for deed the SE quarter of Section 14, Township 148, Range 55, Steele county

being the land involved in this case. The purchase price was $600; $150 thereof being in cash.

The trial court found that the title to the above-described land was in Steele county subject to the contract for deed issued to the defendant T. F. Beadle and quieted title in the county subject to contract. The determination of the trial court was unquestionably correct. No redemption or repurchase was made by the executor either acting in his own behalf or through Carl A. Meldahl. Mr. Meldahl declined to redeem or repurchase the land and demanded the return of his checks. No other tender was made by either him or the executor. The title to the real estate herein involved was in Steele County on December 17, 1940, the date of the sale to T. F. Beadle. No redemption or repurchase by or on behalf of the Berg estate was made prior to that date. The judgment appealed from is affirmed.

BURR, Ch. J., and BURKE, NUESSLE, and CHRISTIANSON, JJ., concur.